The sitting case on our call today, Agenda No. 2, is 129718, People of the State of Illinois v. Michael A. Williams. Counsel for the client, are you prepared to proceed? Good morning. May it please the Court, Counsel and Assistant Attorney General Josh Schneider on behalf of the people of the State of Illinois. This Court should reverse the judgment of the Appellate Court because the Appellate Court erred when it held that petitioners retained a post-conviction counsel and provided unreasonable assistance at the second stage of proceedings. And the Court then further erred when it ordered the Circuit Court to appoint petitioners a new counsel at public expense without regard to whether the petitioner was eligible for that appointment under the Post-Conviction Hearing Act. I'd like to start with the reasonable assistance issue and specifically with what reasonable assistance of post-conviction counsel means at the different stages of proceedings. Because I think the Appellate Court's confusion below and the party's disagreement here today really turns on the difference between the different stages of post-conviction proceedings and the relationship between the statutory right to reasonable assistance of post-conviction counsel and Rule 651C, which specifically governs counsel's obligations when counsel appears in a case after a petitioner has already filed a pro se petition and has to deal with that existing document. As an initial matter, I think it's really important to note what the parties agree on. The parties agree that all post-conviction petitioners have the same statutory rights to the reasonable assistance of counsel, whether counsel is appointed or retained. Everyone has the same right to reasonable assistance. I think the parties also agree that that statutory right to reasonable assistance is a lower standard than the constitutional right to effective assistance. And the reason it's a lower standard is because the role of post-conviction counsel is more limited than the role of constitutional counsel in a criminal case. Because the reason that the General Assembly provided as an exercise of legislative grace this right to post-conviction counsel was to ensure that meritorious post-conviction claims weren't lost simply because the pro se petitioners didn't know how to properly present them. And so what reasonable assistance of post-conviction counsel means is that counsel has adequately presented the petitioner's claims so that the circuit court can reach the merits of those claims. But what counsel has to actually do to adequately present a claim really depends on the stage of the proceedings that we're talking about. Because, of course, at different stages, there are different showings that have to be made to prevail. So, for example, at the first stage where the showman simply was a non-frivolous claim presented, all the petitioner has to do is show that he had a non-frivolous claim. And so all that counsel needs to do to provide reasonable assistance at that first stage is to raise the petitioner's non-frivolous claims. And so counsel does not provide reasonable assistance if he could have but did not present one of the petitioner's non-frivolous claims. That's what this court held in Johnson in 2018. In that case, like here, there was retained counsel at the first stage. So retained counsel filed the initial petition. There was no pro se petition already on the books. That petition was then dismissed at the first stage. And the petitioner on the ground had no non-frivolous claims. And the petitioner moved to reconsider, saying, I have these other claims I want counsel to raise. And this court remanded and said, circuit court, you need to have a hearing to determine first whether post-conviction counsel was aware of those claims such that he could have raised them. And then second, whether those claims were actually non-frivolous such that the petitioner was prejudiced by counsel's failure to raise those available claims. But at the second stage, which is the stage that we're at here, or rather we're at below when the case ended, the question is no longer whether a claim is non-frivolous. Now the question is whether the claim makes a substantial showing of a constitutional violation. And so to show unreasonable assistance of post-conviction counsel at that second stage, the petitioner needs to show that counsel could have but did not make the showing necessary to prevail at that second stage. And although not relevant here, I would note that if we applied the same rationale to the third stage, where the standard is not, is the claim frivolous? The standard is not, does the claim make a substantial showing? At the third stage, was the claim actually proven by proponents of the evidence such that the petitioner was entitled to relief to show that counsel failed to adequately present the claim at that third stage and thereby provide unreasonable assistance? A petitioner would have to show that counsel could have but did not prove the claim. Now that second stage, where we note that counsel has to show that counsel could have but did not make a substantial showing of a constitutional error, that's exactly the standard this Court applied in cases like Agee, Spreitzer, Perkins, and actually applied the same standard with respect to whether counsel could have but did not overcome some procedural bar that prevented the circuit court from reaching the merits in cases like Huff and Cotto. So ultimately, the question is, if reasonable counsel or, hold on for this, I suppose the question is, to show that counsel failed to provide reasonable assistance at a particular stage, the petitioner needs to show that counsel could have but did not present the claim in a way that would have prevailed at that stage. Now, there is an exception. This is where we come to the relationship between Rule 651C and the statutory right to reasonable assistance. Now, 651C is a rule this Court promulgated to govern counsel's obligations in a very specific scenario, and that scenario is where counsel, whether retained or appointed, as this Court explained in Cotto v. Urzua, when counsel appears after a pro se petition has already been filed. Because in that circumstance, there is some concern that counsel is not going to be presenting the petitioner's claims but is simply going to be relying on that pro se petition to define what those claims are. And the whole point of the right to post-conviction counsel is that we can't rely on the pro se petition to clearly communicate a petitioner's claims of error. We need to ensure that counsel has actually consulted with his client and reviewed the record so that he's not just relying on the petition that was already filed before he ever appeared in the case. And so under 651C, if counsel does not consult with the petitioner, review the record, and adequately amend the pro se petition to present the petitioner's contentions of error, meaning take those contentions of error, the things that the petitioner was upset about, and appropriately package them as a constitutional claim, and make, to the extent possible, arguments that would allow any procedural hurdles to be cleared so that the merits of the claim could be reviewed, then the petitioner... In this instance, in this case, do you agree that all three of the issues that were raised in the post-conviction petition could have been raised on direct appeal? No, Your Honor. I believe that the two due process claims regarding sentencing, those could have been raised on direct appeal. The ineffective assistance for failure, or rather for bringing the trial judge's sum to one of the, I believe, nine or ten meetings that counsel had with his client before petitioner pled guilty, that wasn't on the record, so it could not have been raised on direct appeal. So as to the two that you believe could have been raised on direct appeal, if post-conviction counsel needed to allege ineffective assistance of appellate counsel to put those claims into proper form, don't we have a problem here? I mean, why isn't that adequate to show? Sure. So the reason it's not adequate to show is because of, again, the relationship between this Court's Rule 651c and the statutory right to reasonable assistance. A violation of this Court's rule requires remand for compliance with the rule, regardless of whether there's any prejudice. But 651c only applies when retained or appointed counsel appeared after a pro se petition was filed. If counsel appeared, as in this case, or as in Johnson, before there was any petition, counsel filed the first petition, then 651c simply doesn't apply at all. And so we're just applying the normal standards of reasonable assistance, which are closely analogous to the Strickland standard, except that rather than showing a reasonable probability that a claim could have prevailed, you have to show that counsel could have but failed to raise a meritorious claim at that particular stage, which here meant that counsel had to show that counsel could have presented these claims in a way that would have survived dismissal at the second stage. And I would note, this case is a particularly good example of why we don't have automatic remands outside of the 651c context. Because here, the trial court, in fact, did not reject the claims on the ground that they were waived or forfeited because they could have been raised on direct appeal. If you look at page 399 of the common law record, the trial court specifically ruled that the claims had failed to make a substantial show of the constitutional right. So it rejected them on the merits. So there was the question is, could counsel have presented those claims in a way that they could have survived dismissal at the second stage? And the record here provides no basis to believe that counsel could have done anything to save these claims. And part of that is, again, the difference between the first and second stages. At the first stage, as this Court explained in Johnson, counsel is required to bring all of the petitioner's contentions of error as long as they're non-frivolous. That means that even if counsel knows these claims are meritless, but they're not frivolous, they're not so meritless that I will face sanctions if I bring them because I'm violating my duty of candor and ethics to the court. And so I have to bring all of his non-frivolous claims. That necessarily means that when we reach the second stage, lots of counsel's petitions are going to include non-frivolous but meritless claims. And the fact that counsel cannot win when he's got a loser of a claim doesn't mean that counsel necessarily provide unreasonable assistance. And that's really the problem with the appellate court's ruling. The appellate court did was confuse the standards of first and second stages. It said, well, if counsel included this claim in a counsel petition, counsel must have recognized the claim as meritorious. And therefore, if the claim was dismissed as meritless, counsel must have done a bad job in presenting those presumed merits of the claim. But that's not what inclusion of a claim in a petition means. Inclusion of a claim in a petition means that counsel thought the claim was non-frivolous. And there was lots of room between non-frivolous and meritorious. And that room is occupied by meritlessness. There are lots of petitions that just don't have a meritorious claim. And it's not counsel's fault. It's that sometimes the facts are stubborn and you can't come up with a meritorious argument. This is a very good example of that kind of situation. I'll start with the ineffective assistance claim. So the petitioner's contention of error was apparent. The thing he was upset about was apparently that counsel had brought the judge's son, allegedly, to one of the meetings with counsel and petitioner before petitioner pled guilty. And so retained counsel took that contention of error and he appropriately packaged it for a post-conviction review. He put it in the form of an ineffective assistance of trial counsel under Strickland. And to do that, he had to allege two things. That trial counsel performed deficiently and that petitioner was prejudiced by that deficient performance, meaning that but for that deficient performance, there's a reasonable probability that he would not have accepted the plea deal and would have gone to trial. And counsel alleged both of those things. He alleged deficient performance. He said that counsel should not have brought the judge's son to this meeting. And he alleged prejudice to the extent that he could by relying on petitioner's affidavit. Petitioner said, when I found out that the judge's son had come, I felt like I couldn't proceed to trial. Now, to be sure, everyone agrees that allegation of prejudice is insufficient as a matter of law to state a meritorious Strickland claim in this context. But that doesn't mean that counsel is necessarily unreasonable for not presenting a winning argument because we have no basis to believe there was a winning argument. That's what this court said in AG, which was actually also a case concerning a Strickland claim raised by post-conviction counsel where the claim was that trial counsel had performed deficiently and because of that deficient performance, the petitioner pled guilty rather than proceeding to trial. And this court said that's just not enough, but that's not unreasonable assistance because absent some basis to believe that post-conviction counsel could have raised a better argument or mustered additional facts, that's simply not a basis to find unreasonable assistance. The actual quote I would point the court to, paragraph 56 of AG, where the court said that the petitioner hadn't shown unreasonable assistance because, quote, he failed to show that any other evidence exists to support his claim. At bottom, the problem with the appellate court's judgment is that the appellate court just presumed that all of the claims in the petition must be meritorious just because they were raised. And that's not a presumption that we can make, and that's not a presumption that we can make both as a factual matter because lots of post-conviction claims are simply meritorious, even if non-frivolous. And it's also not a presumption that we can make because we presume that counsel performed reasonably, just as we do in the criminal context under Strickland. And so the petitioner has to overcome that presumption. In fact, even under Rule 651C, if the complaint about post-conviction counsel's performance is not that he failed to consult with his client or failed to review the record or failed to appropriately sort of package the claim to present a constitutional argument, if the claim is that once packaged, that constitutional claim was meritless, then under AG, you need to show, a petitioner has to show, that he, counsel could have but did not raise a meritorious claim at that stage. So even under 651C, once we're no longer talking about just packaging the claim, we're talking about a failure to state a meritorious claim, petitioner has to show prejudice. He has to show that counsel could have done something that would have made a difference, and he just hasn't made that showing here. If there are no further questions on the question of reasonable assistance, I'd like to turn to the second issue, which is, the appellate court's decision based on its own dissatisfaction with the petitioner's retained counsel's performance to appoint counsel on remand, appoint a new counsel. The appellate court simply did not have that authority. The appellate court cannot interfere with a petitioner's choice of counsel because it's dissatisfied with the petitioner's performance. If petitioner was dissatisfied with his counsel's performance, and he has the means to retain different counsel, then it doesn't come upon him to hire a new counsel. Fire his old counsel that he didn't like how they're doing, hire a new counsel. If petitioner is dissatisfied with his retained counsel's performance and lacks the means to hire a new counsel, then he can ask the circuit court to appoint counsel because he lacks the means to retain counsel. And then under section 122-4 of the Post-Conviction Hearing Act, he has to make the showing necessary to satisfy the circuit court that, in fact, he is eligible for the appointment of counsel under the act. So the appellate court didn't do either of those things. It just said, give him new counsel because, essentially, we don't like how this counsel performed, and that's just not a basis to order a new counsel. And I would like to make one last point returning, I guess, sort of bridging these two issues. It is if the appellate court were correct that counsel performs unreasonably by failing to present a meritorious claim at the second stage, absent any evidence that there is a meritorious claim to raise, and if the appellate court was right that it can just appoint new counsel if the previous counsel failed to present a meritorious claim, then it's not clear how we escape sort of infinite remands. Because imagine that we had not filed a PLA in this case, and the case had been remanded for further second-stage proceedings with a new counsel. And that new counsel conducted his investigations, did the best he could, filed an amended petition. That may not look very much different because petitioner's reasons were his reasons. We can't force him to come up with new reasons that are false. His affidavit said what it said. And that new petition filed by that new counsel is also meritless as PLA. So the circuit court, again, rejects it at the second stage as meritless. Under the appellate court's rule, you would again have to remand because the fact that counsel included this claim in the petition because it was non-frivolous meant that counsel must have again been unreasonable in failing to prevail at the second stage. So it would go back, and this would just continue until some counsel eventually said, well, I can't present a meritorious claim, and so I'm going to say this claim is actually frivolous. But in that case, it's really a cop-out. That's counsel saying I can't prevail at the second stage, so rather than try and provide this limited but still zealous advocacy that the statutory right to reasonable assistance requires, I'm going to simply say that the claim is frivolous. And that's not what the Post-Convention Hearing Act intends. And so for those reasons, we ask that this court reverse the judgment of the appellate court. Thank you. Thank you, counsel. Counsel Faircloth. May it please the court, your honors, opposing counsel. I am Craig Hansen from the Office of the State Appellate Defender. I represent Petitioner L.E. Michael Williams. This case is one of equal justice under the law. Our law demands that similar outcomes occur for similarly situated parties. This is not the case where two similar post-conviction petitioners, both of whom suffer from the unreasonable assistance of post-conviction counsel, must meet different burdens. A petitioner who files a pro se petition and later retains or is appointed counsel at the second stage post-conviction proceedings need not demonstrate prejudice from post-conviction counsel's unreasonable assistance. However, a petitioner who retains counsel to file that initial post-conviction petition is then at the second stage required to show prejudice. So we have a different standard that, in effect, the reasonable assistance of PC counsel is a threshold issue for petitioners who file a pro se post-conviction petition. That must be realized before our courts will even consider the petitioner's claim on their merits. The same is not true for a petitioner who retains counsel at the first stage to file that initial petition. These petitioners must go on to demonstrate a resulting prejudice in order to obtain the same relief. Effectively, we have codified different standards for similarly situated individuals with a similar fact pattern. As a threshold issue, the state has raised the issue of reasonable assistance, and we believe that here, post-conviction counsel rendered unreasonable assistance. Reasonable assistance, of course, is guaranteed by the statute, and as we have discussed, Rule 651 does not apply where a petitioner retains counsel to file that initial petition. Counsel here failed to shape the claim that plea counsel was ineffective. Here, with respect to the prejudice prong as required by Strickland and Albanese, Counsel relied on a simple conclusory assertion that but for plea counsel's error, namely inviting the son of the presiding judge in this case to participate in a privileged client-attorney meeting, that error, that but for that error, petitioner here, Mr. Williams, would have rejected the plea and proceeded to trial. That's a naked, conclusory assertion that does not come anywhere near meeting the standard this Court established when it decided Brown in 2017. Which is the argument that your opponent makes, that that's true. That naked, as you say, assertion is not going to carry the day. We certainly upheld that unreasonable assistance means that the counsel did not show that it was rational to reject a plea and proceed to trial. Here, this, Mr. Klass was, excuse me, Mr. Williams, was facing a life sentence. He entered into a negotiated plea where some counts were dismissed, and he agreed to a sentence of two consecutive 10-year sentences, 20 years rather than facing a life sentence. So, again, the standard is was counsel unreasonable where he showed it would be rational to reject that agreement and proceed to trial. So what's missing? What could counsel have done? Counsel could have acknowledged the fact that that is, in fact, a pleading standard and included something more than a simple assertion. But what more could he assert? Well, he clearly suggested that there were additional facts that could have been brought out during a third-stage evidence hearing. What kind of facts? The issue is, is it rational to reject a plea agreement of 20 years when facing a life sentence? What arguments could he have made? Or what pleading changes could he have made? But what arguments could he have made? With respect to facts, counsel, there's a jump from this happened, this individual was present, and because of that, I can't go to trial. Certainly there is a thought process that occurs there. There are facts that were considered by the petitioner that would have led him to that conclusion. Counsel had a duty to explore those. So you'd have to have a third-stage hearing in a case like this where there's been a plea, where there's some petition would testify as his thinking as to why, in light of what happened in the lockup with the judge's son being there, that he decided to plead guilty and receive 20 years rather than a life sentence because of that? I mean, is that what you say is required of counsel, is to argue that there must be that kind of hearing? No. No, there's definitely, that does not require a third-stage evidence hearing. What it does is it misrepresents or demonstrates counsel's misunderstanding of the pleading standard at the second stage. But what if there are no facts to plead? I mean, that's what we're being, the argument is made. Counsel pled that this was a problem, the judge's son being there, and then addressed the standard, the correct standard, and didn't say, didn't have anything else to say. I'm asking you, what else could have been pled? Well, there's the thought process that Mr. Williams could have included in his affidavit. There are the factors there that Mr. Williams considered in that jump between this happened and I can't go to trial. And counsel demonstrated that he was not aware or understood the pleading standard by making the naked assertion this report rejected under Brown. Counsel, the lead argument of the state is sometimes these cases don't have merit. That doesn't make counsel unreasonable assistance. Well, is it patently unmeritorious? This case went through a first-stage review, and the court found it was not a frivolous claim. It was not patently unmeritorious, and I think that puts it in the category of meritorious. Weak or strong? Because it's not frivolous, he should have relief? No, no, no, no. Certainly, it went through that initial review, stated it just as a claim. The claim may be weak, but we don't know because counsel failed to even address, once it was brought to his attention, that he couldn't meet the pleading standard, first in the state's motion to dismiss, and then three months later at the hearing. Counsel still couldn't, as the appellate court noted, muster the facts and argument necessary. To be meritorious? To be meritorious, to address the pleading standard. We're not suggesting that simply because the claim failed that counsel didn't render unreasonable assistance. It's that counsel's demonstrated misunderstanding of the pleading standard at stage two. So if he had pled that the petitioner's decision to plead guilty was, I guess I have to do it in the negative, but the counsel was unreasonable because it was rational for the defendant to reject the plea and proceed to trial. That is what counsel had to address. That's what he had to plead, right? Yes. And you had to use those words? Yes. And how would he prove that? What facts are you saying are necessary to show that? We don't know what they are because counsel never even attempted to address it. Additionally, by demonstrating that he didn't understand the pleading standard. Counsel, is the real problem here more one of ethics for counsel to become retained and understand that maybe they could get past the first stage but nothing was going to move them beyond that? There is an ethical question, but counsel certainly here believed there was a meritorious claim. Counsel is required to provide a duty of candor to the court and counsel presented this argument but completely misunderstood the pleading standard. If counsel felt that this was not a meritorious issue, counsel has a duty not to raise it. The mere fact that he raised it and at the stage one review of that petition, the trial court found it not frivolous or patently meritorious, would suggest that counsel believed that this issue was viable and then imposed on counsel a duty to, at the very least, address the required pleading standard. Here, counsel did not. What if counsel, after reviewing everything, speaking with his client, determines that the claim now at second stage is meritless? What does counsel have to do? If I may repeat that question back to you to make sure I understand it, Your Honor. Effectively, counsel is retained at the first stage, files an initial petition. Subsequent to filing that petition, counsel believes that it has no merit or is unlikely to succeed based on facts that counsel later becomes aware of. Is that an accurate restatement of the question, Your Honor? What is counsel supposed to do at that point? I think counsel at that point has a duty to either withdraw or amend the petition. Even though counsel has determined there is no merit? How can counsel ethically do that? I'm sorry. Counsel has done all the research, gathered all the facts, has determined now that the claim is meritless. Counsel then has a duty to amend the petition. To say what? To remove the claim. To remove the claim. To remove the claim. Alternatively, if the argument is honest and we're not misrepresenting facts to the court, counsel should have the option to stand on the petition just as we allow appointing counsel to do so where an individual files a pro se petition. That would also be something counsel could do as long as there is no misrepresentation of the facts to the court. But he could stand on the petition after he's determined himself, in this case, that the claim is meritless. That would also be an option, yes, Your Honor. That could have been something counsel would do. Is that what happened here? No, that's not what happened here. Counsel did not stand on the petition, and counsel continued to argue that he should be entitled to a third stage hearing so that the facts that he should have offered or brought out at the second stage hearing could be brought out, indicating he misunderstood the pleading standard. Additionally, with respect to the other two due process sentencing claims, there was some discussion in the record regarding forfeiture of those claims because they could have been brought up earlier. Here, post-conviction counsel failed to do the one routine amendment by alleging ineffectiveness of appellate counsel. During the course of that conversation, that colloquy between the court and PC counsel, counsel said he didn't know about any conversations that had occurred between Mr. Williams and appellate counsel, suggesting that he did not inquire or consult with his client in order to raise these issues in the petition, which is another failure. Instead, the counsel simply said we must proceed to a third stage evidentiary hearing and suggested that the relevant facts would be brought out at that time, representing a misunderstanding of the second stage pleading standard. Here, I'd like to address something that the state brought up during their argument. The state tends to conflate here what we'll call bad lawyering. I believe that statement is used in their brief. And they conflate that with a demonstrated failure to make routine, required amendments to a petition or understand the pleading standard. And that's what we're arguing here. Counsel's statements, counsel's words in his petition, counsel's failure to amend the petition, even after its deficiencies were brought to counsel's attention, suggests that counsel did not do the minimum necessary under the statutory grant of reasonable assistance of counsel. Counsel, just for clarification, what would he have amended the petition to say? He could have included a claim with respect to the other two due process sentencing claims. He could have alleged ineffective assistance of appellate counsel in order to preserve those issues and not preserve, in order to avoid forfeiture of those issues in post-conviction. He could have done that. He could have addressed the correct pleading standard as required by Strickland. He didn't even reference the basic law underpinning the ineffective assistance of counsel as laid out in Strickland and Albany in the petition that he did file. So these are all things he could have done. And what about the issue about his plea? The rationality? Yeah. He could have addressed that as well. In fact, I think that is the requirement under Brown. But we don't know because ---- What would that, regarding the plea, what would that amendment look like? He was facing 100 years and then he agreed, I mean, life imprisonment, and he agreed to 20 years. So what would that amendment look like? Well, in this case, the question is whether the decision to do so is rational. I think this largely turns on the map by itself, of course, that would seem to be a risk. The risk that Mr. Williams was considering here was the effectiveness of his counsel. And there's a thought process that goes into that. Was Mr. Williams' decision rational in light of the facts and beliefs that he held concerning counsel's error? But his consideration is not just a hypothetical exercise. It has to do with could he have gotten a ---- I mean, when you come right down to it, would it have been better or worse for him to accept the deal that he accepted or go to trial? Isn't that what we're really talking about? Yes, at the very least, post-conviction counsel had a duty to address those things, and he didn't. He relied on the conclusory statement indicating a fundamental misunderstanding of what he was required to plead at the second stage and prove at the third stage. With respect to the second issue, new counsel on remand, I would respectfully like to disagree with the State's assertion that the appellate court mandated appointment of new counsel nowhere in the remand statement from the appellate court does the appellate court imply or outright explicitly state that Mr. Williams is entitled to the appointment of counsel. Other than that, most of the analysis in the briefs relies on the Sixth Amendment right to counsel rather than the statutory right to counsel in post-conviction proceedings, and as such, with a diminished right to counsel under the statute as opposed to the Sixth Amendment, perhaps there is also a corresponding diminished right to the choice of counsel. The Court here clearly expressed a concern about the performance of post-conviction counsel and ruled accordingly. And with that, we would ask this Court to affirm the judgment of the appellate court. Does the fact that, obviously, Mr. Williams had a lot of process in this case. In this case, he had a lot of process in this case. He moved under 604D to withdraw his plea, and there was a hearing, and it was denied, and he appealed, and then eventually, Mr. Williams, the appeal of the post-plea motion was, the child court was affirmed in that, correct? Yes, Your Honor. So these issues were, what can I say? The issues as to the nature of his plea was all litigated in terms of the post-plea 604D hearing and ultimately affirmed. Correct? Correct, Your Honor. Does that include the failure to, whatever it is, adequately advise about the consecutive sentences and all of that? Was that raised in the post-plea motion to withdraw his plea? No, it was not. In fact, the, with respect, I'm sorry, Your Honor, some of those issues were discussed, the primary focus with respect to the post-plea motion was the issue regarding plea counsel's involvement of the judge's son. That was the primary issue. And then, of course, there was admonishment with respect to that. In terms of reliance on Mr. Williams' misunderstanding, I believe that was litigated as well. Thank you. Anything else, Counselor? Thank you, Your Honor. Counselor, reply. Thank you. I'd like to, I think the problem ultimately is confusion between the difference between a meritorious claim and a non-frivolous claim. And I'd like to start this discussion by coming off of something that Petitioner has said, repeatedly talked about the pleading standard, that post-conviction counsel didn't understand the pleading standard, but the basis for that assertion is that the claim was meritless as planned. In other words, if you understand the pleading standard, you'll only ever allege a meritorious claim. And that's simply not so. The pleading standard under the Post-Conviction Hearing Act requires that you allege a constitutional claim, since only constitutional claims are cognizable under the Act. It doesn't mean that all constitutional claims have to be meritorious, because many are not. It requires that you support your allegations with affidavits or other evidence where possible, or if not possible, explain why you didn't. Here, counsel met the pleading standards of the Post-Conviction Hearing Act. Counsel framed the contention of error that a trial counsel shouldn't have brought the judge assigned to this meeting as an ineffective assistance of counsel. That's a constitutional claim. And counsel supported that claim to the extent possible with Petitioner's affidavit, which provided Petitioner's idiosyncratic but his reasons for why he then felt like he couldn't go to trial and instead had to plead guilty. That satisfied the pleading standard. The problem is that the claim that was adequately pled was meritless. That is often the case. In every case, one side loses. And that doesn't mean that the losing side didn't understand the law or didn't understand how to plead a claim. It means that they were unable to plead a meritorious claim. What this Court said in Agee, which I would direct the Court again to because it is closely analysed, the same kind of claim dismissed at the same stage. And the Court said it's not enough just to say this claim is meritless. He had to show more. You have to show that he could have shown more. The counsel had a meritorious claim that they could have raised but did not. And so this argument that, well, we have to presume that there was merits because the fact that it was meritless as pled meant that counsel is the one who introduced that hole into the record, that because counsel didn't present a meritorious claim, we don't know what else he could have pled. And so we don't know whether there's a meritorious claim out there, so we have to presume that there is one and send it back for another crack, that this Court rejected that approach in Agee and Huff and Perkins. And I'd like to specifically point to one of the earlier decisions. In 1991 in Streitzer, the Court said there was no unreasonable assistance at the second stage where, quote, there is not a showing that sufficient facts or evidence exists to make the petitioner's allegations factually sufficient to require the granting of relief. This Court has consistently declined to just assume that every claim in a petition is meritorious just because it was raised. And that is essentially what petitioners ask the Court to do here, to require reversing course after more than 30 years of consistent precedence, saying we're not going to presume prejudice. And again, the difference between meritorious and non-frivolous is really key because counsel must present, as this Court held in Johnson, retained counsel must present all of the petitioner's non-frivolous claims. This, again, is related to the limited role that post-conviction counsel raises. In all other circumstances, we expect and, in fact, require counsel to exercise strategic judgment. On appeal, we say, counsel, you should winnow the claims on appeal. Don't flood the Court with a long brief that has a bunch of terrible claims and one plausible claim because you're going to detract the attention from the plausible claim. That's not the approach that counsel is allowed to take in post-conviction. Counsel is required to raise all of his client's non-frivolous claims, even if counsel believes they're meritless. And counsel is allowed to do that ethically because counsel doesn't have an ethical duty not to raise meritorious claims. He has an ethical duty not to raise frivolous claims. And that is why in civil cases, you can have a winner and a loser, and counsel for the loser is not then immediately sanctioned for having raised meritless defenses or meritless claims. That's not an ethical problem. We anticipate that counsel will sometimes be put in a position where they have to argue a losing side, and counsel's job is to do that as best counsel can. That is not an ethical dilemma for counsel. I have argued cases before this Court and lost, and the Court did not agree with my position, but that doesn't mean necessarily that I was unethical for taking the podium and arguing in advance of the people's position, even if it was ultimately unsuccessful. Here, we had an ineffective assistance claim that was meritless, and the reason it was meritless was because counsel apparently could not muster any plausible defense that petitioner could have presented at trial. The petitioner was facing a sentence of 31 to life for charges arising from an armed robbery with a firearm that resulted in serious bodily injury, and the evidence was very strong, as we can see from the factual basis presented for the guilty plea. The victim who survived the attack identified the petitioner as one of the two men who shot him in the back and legs during this robbery. Petitioner then confessed to his girlfriend, and after he was apprehended, the victim's identification was found in his possession. So that is an incredibly strong case, and we cannot just assume that there is some plausible defense or plausible showing of actual innocence that petitioner could have made at trial that would have made it rational for him to turn down the guarantee of 20 years rather than the very likely possibility of 31 to life. And this is a case where we know that counsel made that calculation because we had the evidentiary hearing after the 604D motion where petitioner testified. I knew that I was facing 31 to life, and counsel kept telling me that this case was very strong, and that is the reason that I pled guilty in exchange for 20 years. He made exactly the kind of rational decision-making we expect. And here, post-conviction, counsel was unable to overcome that reality, and absent some basis in the record to show that counsel could have raised something else, that there was some plausible defense, that petitioner was adamant he was innocent and had some evidence of innocence that they could have presented and had some actual hope of prevailing at trial, we can't simply assume that counsel, on post-conviction review, was unreasonable for not presenting such a claim. The last point I would make is with respect to the appellate court's order to remand for new counsel. I believe that a fair reading of the appellate court's decision does unequivocally order the appointment of new counsel. I direct the Court to page 14 of the Chief's Appendix, paragraph 29, where the appellate court says, For the foregoing reasons, we reverse the order of the Circuit Court of St. Clair County that dismissed the post-conviction petition, and we remand for further second-stage proceedings with new counsel. That is an order that new counsel be appointed. If the Circuit Court were not to comply with that, it would be not complying with the mandate, and we'd be right back in the envelope. So for those reasons and the reasons in our brief, if there are no further questions, we'd ask that the Court reverse the judgment to the appellate court. Thank you. Thank you, counsel. This case, Agenda Number 2, Number 129718, People of the State of Illinois v. Michael A. Williams, will be taken under advisement. Thank you both for your arguments.